IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:16-CR-3102 |
| vs. | |
| MOSES CHILDS, JR., | ORDER |
| Defendant. | |

This matter is before the Court on correspondence from the defendant that was docketed by the Clerk of the Court as a motion to appoint counsel (filing 34). That motion will be denied.

The defendant represents that he is seeking appointed counsel because he is "trying to file a habeas corpus" and needs "help filling out the paperwork." Filing 34 at 1. The Court may appoint counsel to represent a habeas petitioner if it "determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B); see Martin v. Fayram, 849 F.3d 691, 699 (8th Cir. 2017). But this Court is not persuaded that counsel should be appointed here—or, at least, that counsel should be appointed by this Court at this point for purposes of pursuing federal habeas relief.[1]

It's not clear what sort of habeas petition the defendant is looking to file, or at what judgment it would be directed—but, there are only so many possibilities. The defendant was convicted in the Northern District of Iowa in 2004 of being a felon in possession of a firearm and ammunition. Filing 1 at 8. He was released in 2016, and his supervised release jurisdiction was

---

[1] The Court assumes that the defendant is contemplating a federal habeas petition. If he wants to file something in state court, he should ask a state court to appoint counsel.

transferred to Nebraska. Filing 1 at 1, 9. But in 2017, he was charged with sexual assault in Nebraska. Filing 5 at 2. The Court is informed that he has been convicted and sentenced on that charge. And, of course, sexual assault would also be a violation of the terms of the defendant's supervised release—so, a petition for offender under supervision is pending in this Court. Filing 5.

The defendant could be attempting to assert a habeas challenge to his 2004 federal conviction. And, in fact, that might be the fairest interpretation of his motion. *See* filing 34 at 1. A federal supervised releasee is sufficiently "in custody" for purposes of 28 U.S.C. § 2255. *Masten v. United States*, 752 F.3d 1142, 1146 n.2 (8th Cir. 2014). But a § 2255 motion must be filed "with the court which imposed the sentence"—that is, the U.S. District Court for the Northern District of Iowa. *See United States v. Sandles*, 469 F.3d 508, 517 (6th Cir. 2006); *United States v. Zehringer*, No. 08-cv-861, 2008 WL 2828842, at \*1 (D. Minn. July 21, 2008); *see also Ojo v. I.N.S.*, 106 F.3d 680, 683 (5th Cir. 1997). Only the sentencing court has jurisdiction over a § 2255 petition. *Nichols v. Symmes*, 553 F.3d 647, 649 (8th Cir. 2009). So, if the defendant wants counsel to challenge his 2004 conviction, he should ask the district court in the Northern District of Iowa.

Other possibilities fare no better. The defendant could be trying to challenge his recent state court conviction pursuant to 28 U.S.C. § 2254—but it's the Court's understanding, at least as of the last hearing in this case, that the defendant is pursuing a direct appeal in state court. And, in fact, he's required to exhaust his state-court remedies before pursuing federal habeas relief. *See* § 2254(b)(1)(A); *Rose v. Lundy*, 455 U.S. 509, 515 (1982). So, that claim would be unripe, as is a related request for counsel. *See Sabot v. Braun*, No. 1:17-CV-068, 2017 WL 3598530, at \*1 (D.N.D. July 18, 2017), *report and recommendation adopted*, No. 1:17-CV-068, 2017 WL 3595476 (D.N.D. Aug. 21,

2017); *Hahn v. Minnesota*, No. 12-cv-2154, 2013 WL 5230750, at *2 (D. Minn. Sept. 17, 2013) *see also Carbajal v. Lynn*, 640 F. App'x 811, 813 (10th Cir. 2016); *cf. Grass v. Reitz*, 643 F.3d 579, 584 (8th Cir. 2011. Or, the defendant might want to challenge revocation of his supervised release—but that remains pending, and the defendant already has counsel.

In short, the Court finds no basis in the defendant's motion for *this Court* to appoint counsel. If, as the Court suspects, the defendant intends to seek relief from his 2004 conviction, he must pursue that relief in the Northern District of Iowa, and it is that court's prerogative to decide whether appointed counsel is appropriate.

IT IS ORDERED that the defendant's motion to appoint counsel (filing 34) is denied.

Dated this 16th day of January, 2019.

BY THE COURT:

John M. Gerrard
Chief United States District Judge