## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:16-CR-3102 |
| vs. | ORDER |
| MOSES CHILDS, JR., | |
| Defendant. | |

This matter is before the Court on correspondence from the defendant that the Court has construed as a motion to reduce sentence (filing 65). That motion will be denied.

The defendant was originally convicted in 2004 in the Northern District of Iowa of being a felon in possession of a firearm. Filing 1 at 8. He was later discharged to supervised release and jurisdiction was transferred to Nebraska. Filing 1 at 1. He violated that supervised release by committing a crime originally charged in state court as first degree sexual assault, but which was pled down to attempt of a Class II felony. Filing 42 at 3. He was sentenced in state court to a term of not less than 19 years 10 months and not more than 20 years imprisonment. Filing 42 at 3. He was then sentenced by this Court on the supervised release violation to an 8-month term of imprisonment, to be served consecutively to the undischarged state sentence. Filing 49 at 2; *see* filing 59 at 16-17. The defendant now wants his federal sentence modified to run concurrently with his state sentence, alleging that the federal detainer will prevent him from getting work release in the state prison system before his release from state custody. Filing 65 at 1.

But there is little the Court can do now to modify its already-imposed sentence. As a general rule, the Court may not modify a term of imprisonment once it's been imposed. *See* 18 U.S.C. § 3582(c). At the time of sentencing, the Court could have ordered the sentences to run concurrently or consecutively, but after considering the 18 U.S.C. § 3553(a) factors, the Court decided they should run consecutively. *See* 18 U.S.C. § 3584. That is, in fact, the default rule for sentences imposed at different times. *See id.*; *Elwell v. Fisher*, 716 F.3d 477, 484 (8th Cir. 2013). And in the absence of circumstances the defendant doesn't allege here, *see* § 3582(c)(1)-(2), the Court lacks jurisdiction to revisit the consecutive nature of the sentence, *see United States v. Harris*, 574 F.3d 971, 973 (8th Cir. 2009); *see also United States v. Peltier*, 312 F.3d 938, 942 (8th Cir. 2002). Accordingly,

IT IS ORDERED that the defendant's motion to reduce sentence (filing 65) is denied.

Dated this 24th day of June, 2022.

BY THE COURT:

John M. Gerrard
United States District Judge

- 2 -